UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **IVAN L. BROOKS,** | ) | **CASE NO. 1:20 CV 1017** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| **ERIC ROTHGERY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Complaint of *pro se* Plaintiff Ivan L. Brooks against Defendants Eric Rothgery, Clerk of Courts, Elyria Police Department, "Moss" and "Harris."[1] (Doc. #: 1). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in connection with an arrest on April 1, 2019 and subsequent conviction for a crime that occurred in Elyria, Ohio.

For the reasons that follow, this case is dismissed.

### I. BACKGROUND

Plaintiff alleges that on April 1, 2019, he was arrested by the Elyria Police and U.S. Marshals for an active warrant and has been incarcerated since that time.[2] (*Id.* at 3). He claims

---

[1] Plaintiff does not list Moss and Harris as defendants, but identifies them as defendants in the body of the Complaint.

[2] Plaintiff is presently incarcerated in the Lorain County Jail.

that one month earlier, "Defendant Harris" was assigned to investigate a crime that occurred in Elyria, Ohio and Plaintiff was implicated as a possible suspect. (*Id.*). Brooks states that he was never questioned by Harris, who prepared a false affidavit notarized by "Defendant Moss" in violation of Plaintiff's right to due process. Plaintiff claims that Defendant Rothgery, identified by Plaintiff as the clerk of courts, "affirmed" the affidavit and failed to take the proper steps before issuing an arrest warrant in violation of Plaintiff's right to equal protection. (*Id.* at 4). Plaintiff alleges that Defendants Harris, Moss, and Rothgery conspired to wrongfully convict him due to the "vengeful motives" of the Elyria Police Department, and caused him mental and emotional distress. (*Id.*). For relief, Plaintiff seeks a declaration that Defendants violated his constitutional rights and monetary damages. (*Id.* at 5).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While Plaintiff's Complaint is entitled to liberal construction, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988).

#### Plaintiff's federal claims are dismissed

Plaintiff alleges that as a consequence of Defendants' unconstitutional conduct he was wrongfully arrested and convicted of a crime. The status of Plaintiff's state court conviction is unclear. To the extent that state proceedings remain pending and Plaintiff seeks the Court's intervention, the Court may not intervene. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances which not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate where: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford plaintiff with an adequate opportunity to raise federal questions. Criminal proceedings implicate important state interests. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger,* 401 U.S. at 43-45). With respect to the third factor, it is Plaintiff's burden to demonstrate that he is barred from presenting any federal claim he may have in the state court proceedings, but he has not done so here. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987). So to the extent that state proceedings remain pending, the second and third factors of the *Younger* abstention analysis are satisfied, and the Court abstains from interfering with those proceedings.

To the extent that Plaintiff remains "in custody" in connection with the arrest and conviction which he claims violates his constitutional rights, *habeas corpus* is Plaintiff's exclusive remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)). Section 1983 may not be used to challenge a state conviction unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Plaintiff does not allege or infer that his state court conviction has been resolved in his favor or invalidated in any of the ways articulated in *Heck*. Thus, Plaintiff's § 1983 claims are barred by *Heck*.

Lastly, to the extent Plaintiff's complaint constitutes an appeal of any state court proceeding, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive [of] the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990) (quoting *Pennzoil*, 481 U.S. at 25)), *amended on other grounds* 243 F.3d 234 (6th Cir. 2001). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Feldman*, 460 U.S. at 483; *Rooker*, 263 U.S. at 415-16. This Court lacks jurisdiction to entertain such an appeal.

**Plaintiff's state law claims are dismissed**

To the extent that Plaintiff asserts any state law claims, the Court declines to exercise jurisdiction over those claims.  A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity [ ... ]." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).  "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996).  Having dismissed all of Plaintiff's federal claims, and there being no basis for original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claim he may have.

## IV. CONCLUSION

For all of the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(h)(3). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                                */s/ Dan Aaron Polster 5/18/20*
                                                **DAN AARON POLSTER**
                                                **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.